**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| **GRIFFIN INDUSTRIES LLC and** | § | |
| **DARLING INGREDIENTS INC.,** | § | |
| | § | |
| **Plaintiffs,** | § | |
| | § | |
| **v.** | § | **CIVIL ACTION NO. _____** |
| | § | |
| **GRIFFIN RESOURCES LLC and** | § | |
| **CHRISTOPHER A. GRIFFIN,** | § | |
| | § | **JURY TRIAL DEMANDED** |
| | § | |
| **Defendants.** | § | |

---

## PLAINTIFFS' ORIGINAL COMPLAINT

---

TO THE HONORABLE COURT:

Plaintiffs Griffin Industries LLC and Darling Ingredients Inc. (collectively, "Plaintiffs") file this Original Complaint against Defendants Griffin Resources LLC and Christopher A. Griffin (collectively, "Defendants"), and would respectfully show:

### PARTIES

1.      Plaintiff Griffin Industries LLC ("Griffin Industries") is a Kentucky limited liability company, with its principal office at 251 O'Connor Ridge Blvd., Suite 300, Irving, TX 75038.  Darling Ingredients Inc. is the sole member of Griffin Industries.

2.      Plaintiff Darling Ingredients Inc. ("Darling") is a Delaware corporation, with its principal place of business at 251 O'Connor Ridge Blvd., Suite 300, Irving, TX 75038.

3.      Defendant Griffin Resources LLC ("Griffin Resources") is a Kentucky Limited Liability Company, whose sole member, upon information and belief, is Christopher A. Griffin.

Defendant Griffin Resources may be served through its registered agent, Christopher Griffin, at 2734 Chancellor Drive, Suite 108, Crestview Hills, KY 41017.

4.      Defendant Christopher A. Griffin ("Christopher Griffin") is a resident of Kentucky, who upon information and belief, resides at 3215 Turkeyfoot Road, Edgewood, KY 41017, and may be served at this address.  Upon information and belief, Christopher Griffin has had an individual interest and independent personal stake in, and has played an individual role in planning, directing, carrying out, and benefitting from, the infringement, unfair competition, and other wrongful acts set forth in this Complaint, rendering him individually liable for these acts and severally liable with Griffin Resources.

## JURISDICTION AND VENUE

5.      This action arises under the Trademark Laws of the United States, 15 U.S.C. § 1051, *et seq*.  Accordingly, original jurisdiction over this case is conferred pursuant to 15 U.S.C. §§ 1121 and 1125 and 28 U.S.C. §§ 1331 and 1338(a) and (b).  Jurisdiction over this case is further conferred pursuant to 28 U.S.C. § 1367.

6.      This Court has personal jurisdiction over Griffin Resources because, upon information and belief, Griffin Resources has engaged in many of the acts complained of in this District, including, but not limited to, selling and offering for sale, its services in this District through the unlawful acts described herein, including through use of the internet domain name www.griffinresourcesco.com.  Upon information and belief, residents of this District have contacted Defendants regarding services marketed by Defendants on www.griffinresourcesco.com through contact forms made available on that website.  Upon further information and belief, residents of this District have accessed and/or are accessing the client login page made available by Defendants on the domain name

www.griffinresourcesco.com for purposeful interaction with residents of this District.   This Court has personal jurisdiction over Christopher Griffin because, upon information and belief, he works for Griffin Resources in this District and has engaged in many of the activities complained of in this District.   Upon further information and belief, Christopher Griffin is the registrant of the domain name www.griffinresourcesco.com, which he uses to sell and offer for sale the services of Griffin Resources to residents in this District, and to interact with residents in this District, through the unlawful acts described herein.   Consequently, Defendants are purposely directing their unlawful activities to residents of this District, are purposely availing themselves of this forum's privileges, and are committing the unlawful acts described in this Complaint in this District.

7.     Venue is proper in this Judicial District pursuant to 28 U.S.C. §§ 1391(b)(2) because a substantial part of the events or omissions giving rise to the claims occurred in this Judicial District and because the property at issue, which includes Plaintiffs' valuable intellectual property rights, are situated in this District.

## BACKGROUND

### A.     Griffin Industries

8.     Griffin Industries was founded by John L. Griffin as a one man, one truck operation in 1943.   As Griffin Resources prominently states on its website (while trading on Griffin Industries' goodwill), Griffin Industries is a rendering industry leader that "collect[s] and recycle[s] millions of pounds of restaurant cooking oil, animal by-products from slaughterhouses and supermarket discards, and inedible bakery by-product."   *See* www.griffinresourcesco.com.

9.     Through its national presence and longstanding operations, Griffin Industries has become one of the best known and most recognized "forces" in the rendering industry.

**B.      Darling Ingredients Inc. Acquires Griffin Industries**

10.     Darling acquired Griffin Industries in 2010.  Darling traces its roots back to the late 19th century and, along with Griffin Industries, is one of the most well-recognized leaders in the rendering industry.

11.     As part of the acquisition, Darling paid Griffin Industries' shareholders approximately $840 million dollars.  As a then-shareholder of Griffin Industries, Christopher A. Griffin received a substantial financial benefit from the sale of Griffin Industries to Darling.

12.     Now under the Darling umbrella, Griffin Industries continues to provide the same rendering services.  As Griffin Industries states on its website:  "[w]hen we joined forces with Darling International, we realized an incredible opportunity to unify our product and service offerings to better serve our customers.  Our commitment to providing the industry best in products and service remains, and our ability to deliver on both has grown even greater.  We will remain the same people, strongly focused on providing our valued customers the same quality products and services we've delivered for decades."  *See* www.griffinind.com.

13.     These services continue to be provided under the banner of Griffin Industries and also through DAR PRO Solutions, which markets itself nationally as a "Darling/Griffin Brand."  DAR PRO Solutions was launched to bring together Darling and Griffin Industries' rendering services under a single brand, providing a uniform service provider for customers all over the United States.  Importantly, Griffin Industries continues to rely upon the goodwill associated with the "Griffin" brand in its DAR PRO Solutions efforts and justifiably so:  this goodwill has long accumulated in the industry through decades of hard-work, continued presence, and fostered reputation.

C.      **Griffin Industries Trademarks**

14.     Griffin Industries owns and uses its trademarks in various forms and styles in connection with its rendering services, which trademarks are both registered and otherwise acquired through common law (the "Griffin Marks").

15.     Griffin Industries holds a valid design mark, evidenced by U.S. trademark Registration Number 74035874.  This mark has a constructive first use date of 1967, and is incontestable in accordance with Section 15 of the Lanham Act, 15 U.S.C. § 1065.

16.     Griffin Industries also owns common law rights in Texas and throughout the United States in the name mark "Griffin Industries" and unregistered design marks bearing this name in the rendering industry.

17.     In the more than seven decades that it has been in existence, Griffin Industries has engaged in advertising, sales efforts, and source designation efforts in commerce using the "Griffin" name and the Griffin Marks—including, but not limited to, on marketing materials, the internet, mobile truck units, buildings, railway cars, ships, documentation used with customers, and containers left at customer sites for collection of materials.

18.     As a result of Griffin Industries' early adoption and long-established use, the Griffin Marks are widely recognized and relied upon by the public in Texas and throughout the United States to identify its services, and to distinguish its services from those of others.  The Griffin Marks are distinctive and have acquired secondary meaning in the relevant market. Where applicable, and in the alternative, the Griffin Marks are arbitrary or fanciful and therefore inherently distinctive.

19.     As a result of the continuous usage and promotion of the Griffin Marks, Griffin Industries has also acquired recognized common-law rights in these marks.  Griffin Industries

has also developed valuable goodwill in the Griffin Marks and the services provided using its trademarks.

**D.**     **The Darling-Griffin Trademark**

20.     Darling launched DAR PRO Solutions in 2012 to join together the two best-known industry leaders, Darling and Griffin Industries.  Griffin Industries registered DBA's in 27 states, including Texas, and the District of Columbia, under "DAR PRO Solutions – A Darling / Griffin Brand."

21.     Darling owns common law rights in Texas and throughout the United States in the mark "DAR PRO Solutions, A Darling/Griffin Brand" in the rendering industry.

22.     Since DAR PRO Solutions was branded, Darling and Griffin Industries have engaged in advertising, sales efforts, and source designation efforts in commerce using this trademark (the "Darling-Griffin Mark").

23.     The Darling-Griffin Mark is widely recognized and relied upon by the public in Texas and throughout the United States to identify the services of Darling and Griffin Industries, and to distinguish these services from those of others.  The Darling-Griffin Mark is distinctive and has acquired secondary meaning in the relevant market.  Where applicable, and in the alternative, the Darling-Griffin Mark is arbitrary or fanciful and therefore inherently distinctive.

24.     As a result of the continuous usage and promotion of the Darling-Griffin Mark, Darling has acquired recognized common-law rights in this mark.  Darling has also developed valuable goodwill in the Darling-Griffin Mark and the services rendered using this trademark.

**E.**     **Defendants' Use of the Griffin and Darling-Griffin Marks**

25.     Upon information and belief, Griffin Resources was founded by Christopher Griffin following his departure from Griffin Industries in 2015.  Griffin Resources has been in

operations in the rendering industry since January of 2016, and has been managed by Christopher Griffin during all times relevant to this Complaint.

26.     In connection with the promotion and sale of Griffin Resources' services, Defendants intentionally and deceptively trade on the goodwill of Griffin Industries and Darling by using the Griffin and Darling-Griffin Marks, including but not limited to, through their use of the mark "Griffin Resources" and internet domain name www.griffinresourcesco.com (which, upon information and belief, is registered to Defendant Christopher Griffin).   This is so notwithstanding that, as a former shareholder of Griffin Industries, Christopher Griffin profited handsomely from, and upon information and belief voted in favor of, Darling's acquisition of Griffin Industries.

27.     On Griffin Resources' website, Defendants explicitly state "*WE ARE GRIFFIN*" in response to the statement, "WHO WE ARE," and state further:

> In 1943, my grandfather, John L. Griffin started a small rendering operation just south of Cincinnati, Ohio in Falmouth, Kentucky. ***Over the course of 70 years, my family established the second largest independent rendering company in the United States*** collecting and recycling millions of pounds of restaurant cooking oil, animal by-products from slaughterhouses and supermarket discards, and inedible bakery by-product. ***Today, the launch of Griffin Resources applies my family's industry expertise in a new way***.
>
> John L. Griffin had a philosophy that he instilled in his family and employees — provide prompt service, combined with an efficient operation. ***Griffin Resources carries on that tradition and the legacy of John L. Griffin by applying its three generations of rendering industry knowledge to benefit raw material suppliers throughout the United States***. Whether you are a fast food restaurant or casual dining concept generating spent cooking oil or trap grease, or a large commercial operation that generates meat, poultry or bakery by-products, partner with Griffin Resources to leverage your waste streams into stronger revenue streams.

28.     Griffin Resources also uses the following mark to advertise its services, which also infringes the Griffin and Darling-Griffin Marks:



29.     Thus, Defendants have intentionally traded on the goodwill in the Griffin and Darling-Griffin Marks and created a likelihood of confusion among consumers, leading consumers to believe or question whether there is an approval, affiliation, or partnership between Griffin Industries, Darling, and Griffin Resources.

30.     Upon information and belief, Defendants' use of the Griffin and Darling-Griffin Marks has confused, or is likely to confuse, consumers regarding affiliation, connection, or association of Griffin Industries and/or Darling with Griffin Resources, as well as to the origin, sponsorship, or approval of Griffin Resources' services by Griffin Industries—all to the detriment of Griffin Industries and Darling.  As a result of the confusion that has been or is likely to be engendered by Defendants' activities, the Griffin and Darling-Griffin Marks and associated goodwill are therefore being irreparably harmed.

## COUNT I: Trademark Infringement (15 U.S.C. § 1114)

31.     Plaintiffs hereby allege and incorporate all of the preceding allegations as if set forth fully herein.

32.     Defendants' conduct constitutes trademark infringement under the LANHAM ACT, codified at 15 U.S.C. § 1114.

33.     Upon information and belief, Defendants' actions have been willful, with full knowledge of Plaintiffs' trademark rights, and with an intent to trade on Plaintiffs' goodwill in such registered trademarks, thus making this an exceptional case under 15 U.S.C. § 1117(a).

34.     As a result of Defendants' wrongful conduct, Plaintiffs are entitled to the injunctive remedies specified in the Prayer for Relief, damages in an amount to be proved at trial,

including enhanced damages as allowed by law, as well as recovery of all reasonable attorneys' fees and costs incurred in connection with this action.

## COUNT II: Unfair Competition (15 U.S.C. § 1125(a))

35.     Plaintiffs hereby allege and incorporate all of the preceding allegations as if set forth fully herein.

36.     By and through the acts and omissions described in more detail above, Defendants have, without Plaintiffs' consent or authorization, used in interstate commerce and to advertise and/or promote Griffin Resources' services, a word, term, name, or symbol, or any combination thereof, including, without limitation, the Griffin and Darling-Griffin Marks, which is likely to mislead, cause confusion, and/or cause mistake or deception regarding Plaintiffs' services and/or commercial activities, and/or approval or sponsorship of Defendants' services.

37.     Defendants' acts and omissions described in this Complaint and in this Count constitute unfair competition, in violation of Section 43(a) of the LANHAM ACT, 15 U.S.C. § 1125(a).

38.     Such wrongful acts and/or omissions by Defendants have caused and, unless enjoined by this Court, will continue to cause serious and irreparable injury to Plaintiffs for which Plaintiffs have no adequate remedy at law.  This includes, without limitation, loss of business, customer relations, competitive advantage, and/or goodwill.  For the reasons described above, Plaintiffs are likely to succeed on the merits of their underlying claims. Moreover, the potential injury to Defendants (if any) if enjoined is minimal, and does not outweigh the actual and/or potential injuries to Plaintiffs if Defendants are not enjoined.  Therefore, Plaintiffs are entitled to preliminary and permanent injunctive relief, as further described in the Prayer for Relief in this Complaint.

39.     Such wrongful acts and/or omissions by Defendants also have caused and will continue to cause actual damages to Plaintiffs.  Therefore, Plaintiffs are entitled to a monetary judgment against Defendants in an amount to be determined by a jury.

40.     Plaintiffs are further entitled to recover from Defendants the gains, profits, and advantages that Defendants have obtained as a result of such wrongful acts and omissions.

41.     Plaintiffs are further entitled to recover the costs of this action.  Plaintiffs are informed and believe, and on that basis allege, that Defendants' conduct was undertaken willfully and with the intention of causing mistake, confusion or deception, and/or that this is an exceptional case entitling Plaintiffs to recover additional damages and reasonable attorneys' fees.

## COUNT III:  Cybersquatting Claim Under 15 U.S.C. § 1125(d)(1)(A)

42.     Plaintiffs hereby allege and incorporate all of the preceding allegations as if set forth fully herein.

43.     Upon information and belief, Defendants operate a commerce-related website www.griffinresourcesco.com.  Upon information and belief, Defendants have a bad faith intent to profit from the registration and use of the internet domain name www.griffinresourcesco.com by creating an association with the distinctive Griffin and Darling-Griffin Marks.

44.     The domain name www.griffinresourcesco.com is confusingly similar to the distinctive Griffin and Griffin-Darling Marks.

45.     Such wrongful acts and/or omissions by Defendants have caused and, unless enjoined by this Court, will continue to cause serious and irreparable injury to Plaintiffs for which Plaintiffs have no adequate remedy at law.  This includes, without limitation, loss of business, customer relations, competitive advantage, and/or goodwill.  For the reasons described above, Plaintiffs are likely to succeed on the merits of their underlying claims. Moreover, the

potential injury to Defendants (if any) if enjoined is minimal, and does not outweigh the actual and/or potential injuries to Plaintiffs if Defendants are not enjoined.  Therefore, Plaintiffs are entitled to preliminary and permanent injunctive relief, as further described in the Prayer for Relief in this Complaint.

46.     Such wrongful acts and/or omissions by Defendants also have caused and will continue to cause actual damages to Plaintiffs.  Therefore, Plaintiffs are entitled to a monetary judgment against Defendants in an amount to be determined by a jury.

47.     Plaintiffs are further entitled to recover from Defendants the gains, profits, and advantages that Defendants have obtained as a result of such wrongful acts and omissions.

48.     Plaintiffs are further entitled to recover the costs of this action.  Plaintiffs are informed and believe, and on that basis allege, that Defendants' conduct was undertaken willfully and with the intention of causing mistake, confusion or deception, and/or that this is an exceptional case entitling Plaintiffs to recover additional damages and reasonable attorneys' fees.

## COUNT IV:  Trademark Dilution (15 U.S.C. § 1125(c))

49.     Plaintiffs hereby allege and incorporate all of the preceding allegations as if set forth fully herein.

50.     Based on Plaintiffs' use, publishing, advertising, marketing, and general popularity of the Griffin and Darling-Griffin Marks, they have acquired fame such that the public associates the marks with Plaintiffs, their products, and their commercial services.

51.     The Griffin and Darling-Griffin Marks are famous and distinctive within the meaning of Section 43(c) of the LANHAM ACT, 15 U.S.C. § 1125(c).

52.     The Griffin and Darling-Griffin Marks were famous before Defendants misappropriated them for use in commerce in connection with Defendants' commercial services.

53.     Plaintiffs have not authorized or licensed Defendants' use of any of the Griffin or Darling-Griffin Marks or marks similar to the Griffin or Darling-Griffin Marks.

54.     By reason of the foregoing, Defendants have engaged in and are continuing to engage in acts which dilute and are likely to dilute the distinctive quality of Plaintiffs' trademarks in violation of Section 43(c) of the LANHAM ACT, 15 U.S.C. § 1125(c).  Defendants' use of the Griffin and Darling-Griffin Marks or similar marks has diluted the Griffin and Darling-Griffin Marks by blurring the distinctiveness and origin of the Griffin and Darling-Griffin Marks and by tarnishing the Griffin and Darling-Griffin Marks.  As a result, the goodwill attached to the Griffin and Darling-Griffin Marks has been and is being seriously injured.

55.     Plaintiffs have been damaged by Defendants' acts in an amount to be determined at trial, and if Defendants' conduct is allowed to continue, Plaintiffs' famous trademarks, as well as their goodwill and reputation will continue to suffer immediate, substantial, and irreparable injury that cannot be adequately calculated and compensated in money damages.

56.     Such wrongful acts and/or omissions by Defendants have caused and, unless enjoined by this Court, will continue to cause serious and irreparable injury to Plaintiffs for which Plaintiffs have no adequate remedy at law.  This includes, without limitation, loss of business, customer relations, competitive advantage, and/or goodwill.  For the reasons described above, Plaintiffs are likely to succeed on the merits of their underlying claims. Moreover, the potential injury to Defendants (if any) if enjoined is minimal, and does not outweigh the actual and/or potential injuries to Plaintiffs if Defendants are not enjoined.  Therefore, Plaintiffs are entitled to preliminary and permanent injunctive relief, as further described in the Prayer for Relief in this Complaint.

57.     Such wrongful acts and/or omissions by Defendants also have caused and will continue to cause actual damages to Plaintiffs.  Therefore, Plaintiffs are entitled to a monetary judgment against Defendants in an amount to be determined by a jury.

58.     Plaintiffs are further entitled to recover from Defendants the gains, profits, and advantages that Defendants have obtained as a result of such wrongful acts and omissions.

59.     Plaintiffs are further entitled to recover the costs of this action.  Plaintiffs are informed and believe, and on that basis allege, that Defendants' conduct was undertaken willfully and with the intention of causing mistake, confusion or deception, and/or that this is an exceptional case entitling Plaintiffs to recover additional damages and reasonable attorneys' fees.

## COUNT V:  Injury to Business Reputation/Dilution (Tex. Bus. & Com. Code § 16.103)

60.     Plaintiffs hereby allege and incorporate all of the preceding allegations as if set forth fully herein.

61.     Based on Plaintiffs' use, publishing, advertising, marketing, and general popularity of the Griffin and Darling-Griffin Marks in the state of Texas, they have acquired fame such that the public throughout this state associates the marks with Plaintiffs, their products, and their commercial services.

62.     The Griffin and Darling-Griffin Marks are famous and distinctive within the meaning of Texas Business and Commerce Code § 16.103.

63.     By and through the acts and omissions described above, Defendants have, without Plaintiffs' consent or authorization, used to advertise and/or promote their services, a word, term, name, or symbol, or any combination thereof, including, without limitation the Griffin and Darling-Griffin Marks, which are likely to mislead, cause confusion, and/or cause mistake or deception regarding Plaintiffs' approval or sponsorship of Defendants' business activities.

64.     Defendants' acts and omissions described in this Complaint and in this Count constitute trademark dilution within the meaning of Tex. Bus. & Com. Code § 16.103. Defendants' use of the Griffin and Darling-Griffin Marks or similar marks has diluted the Griffin and Darling-Griffin Marks by blurring the distinctiveness and origin of the Griffin and Darling-Griffin Marks and by tarnishing the Griffin and Darling-Griffin Marks.  As a result, the goodwill attached to the Griffin and Darling-Griffin Marks has been and is being seriously injured.

65.     Such wrongful acts and/or omissions by Defendants have caused and, unless enjoined by this Court, will continue to cause serious and irreparable injury to Plaintiffs for which Plaintiffs have no adequate remedy at law.  This includes, without limitation, loss of business, customer relations, competitive advantage, and/or goodwill.  For the reasons described above, Plaintiffs are likely to succeed on the merits of their underlying claims. Moreover, the potential injury to Defendants (if any) if enjoined is minimal, and does not outweigh the actual and/or potential injuries to Plaintiffs if Defendants are not enjoined.  Therefore, Plaintiffs are entitled to preliminary and permanent injunctive relief, as further described in the Prayer for Relief in this Complaint.

66.     Such wrongful acts and/or omissions by Defendants also have caused and will continue to cause actual damages to Plaintiffs.  Therefore, Plaintiffs are entitled to a monetary judgment against Defendants in an amount to be determined by a jury.

67.     Plaintiffs are further entitled to recover from Defendants the gains, profits, and advantages that Defendants have obtained as a result of such wrongful acts and omissions.

68.     Plaintiffs are further entitled to recover the costs of this action.  Plaintiffs are informed and believe, and on that basis allege, that Defendants' conduct was undertaken

willfully and with the intention of causing mistake, confusion or deception, and/or that this is an exceptional case entitling Plaintiffs to recover additional damages and reasonable attorneys' fees.

### COUNT VI:  Unfair Competition Under Texas Law

69.     Plaintiffs hereby allege and incorporate all of the preceding allegations as if set forth fully herein.

70.     Defendants' conduct constitutes unfair competition under Texas common law.  As a result of Defendants' wrongful conduct, Plaintiffs are entitled to the injunctive remedies specified in the Prayer for Relief and damages in an amount to be proved at trial.

### COUNT VII: Injunctive Relief

71.     Plaintiffs hereby allege and incorporate all of the preceding allegations as if set forth fully herein.

72.     Defendants have damaged Plaintiffs, and are continuing to damage Plaintiffs, by the willful and unlawful acts complained of herein.  Unless Defendants are restrained by this Court, it will cause irreparable injury to Plaintiffs for which there is no adequate remedy at law.

### REQUEST FOR JURY TRIAL

73.     Pursuant to Rule 38(b), FEDERAL RULES OF CIVIL PROCEDURE, Plaintiffs demand a trial by jury.

### PRAYER

For the reasons stated above, Plaintiffs Griffin Industries, Inc. and Darling International Inc. pray for the following:

A.     A preliminary and permanent injunction enjoining, restraining, and/or ordering Defendants and their agents, servants, employees, affiliates, divisions, subsidiaries, and those in association, or working in concert with them from using

the Griffin and Darling-Griffin Marks, including without limitation GRIFFIN, GRIFFIN INDUSTRIES, A DARLING/GRIFFIN BRAND, and any other marks, names, slogans, symbols, devices, indicia and information of Plaintiffs and/or that trade on the goodwill of Plaintiffs, including the mark GRIFFIN RESOURCES and any design marks bearing the same, and remove all use of the same from all websites, advertising, promotional materials, communications, documents, the Internet, domain names, and the like;

B.      An award of damages sustained as a result of Defendants' activities, trebled as allowed by law;

C.      An award of exemplary damages sustained as a result of Defendants' activities;

D.      An accounting of Defendants' revenue resulting from Defendants' activities, and that their profits be paid over to Plaintiffs, increased as the Court finds to be just under the circumstances of this case;

E.      An award of attorneys' fees and costs as allowed by law;

F.      An award of prejudgment and post-judgment interest on all sums awarded; and

G.      For such other and further relief as the court may deem just, equitable and appropriate.

DATED: March 1, 2016

Respectfully submitted,

*/s/ John T. Cox III*
John T. Cox III
tcox@lynnllp.com
Texas Bar No. 24003722
Christopher J. Schwegmann
cschwegmann@lynnllp.com
Texas Bar No. 24031515
Jared D. Eisenberg
jeisenberg@lynnllp.com
Texas Bar No. 24092382
**LYNN PINKER COX & HURST, L.L.P.**
2100 Ross Avenue, Suite 2700
Dallas, Texas 75201
(214) 981-3800  Telephone
(214) 981-3839  Facsimile

**ATTORNEYS FOR PLAINTIFFS**

4830-5697-2846, v. 2